UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-2324-FRB |
| | ) |
| T-MOBILE CELLULAR, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Joe Wells for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary relief pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101, *et seq.* Named as the sole defendant is T-Mobile Cellular ("T-Mobile").

Plaintiff alleges that T-Mobile cut off his cell phone service seven times in 2005. He states that he told T-Mobile that he is a diabetic and that he had a stroke in his car in 2001. Plaintiff further states that he purchased the phone in case of emergency. Plaintiff states that he had such an emergency on August 17, 2005, but he was unable to use his cell phone because it had been cut off without prior notice to him. Plaintiff alleges that this could have been avoided if T-Mobile had reasonably accommodated him by adjusting his payment dates or changing his cell phone plan. Plaintiff further alleges that he has been overcharged throughout the eleven months that he has been on his current plan. Plaintiff claims that these acts violate the ADA because he was not reasonably accommodated.

**Discussion**

The Court finds that plaintiff's complaint fails to state a claim under the ADA. The ADA was designed to prohibit discrimination against disabled individuals. In order to state a case under the ADA, plaintiff must allege that he was discriminated against by defendant, "by reason of...disability,"

or, in other words, that he was denied benefits "because of" his disability. 42 U.S.C.A. § 12132; *see Olmstead v. L. C. by Zimring*, 527 U.S. 581, 601, 119 S.Ct. 2176 (1999). Plaintiff fails to allege that T-Mobile refused to provide a service because of a disability, refused to adjust his payment dates or credit his account because of a disability or interrupted his telephone service because of a disability. Therefore, plaintiff's claim under the ADA should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 29th day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**